494 S.E.2d 910

**William S. EATON**

v.

**CITY OF PARKERSBURG and Eugene A. Knotts, Individually, and In His Official Capacity as Mayor of the city of Parkersburg.**

No. 22846.

Supreme Court of Appeals of West Virginia.

Dissenting Opinion July 23, 1997.

For Majority Opinion, see 198 W.Va. 615, 482 S.E.2d 232.

WORKMAN, Justice, dissenting:

I disagree with the conclusion of the majority that the question of the existence of a contract should have gone to the jury in this case for two reasons: first, because the Appellant failed to make a prima facie case of an implied contract, and second, because the existence of a contract based on a writing and its interpretation are issues for the judge and not the jury.

We said in *Cook v. Heck's Inc.*, 176 W.Va. 368, 372, 342 S.E.2d 453, 457 (1986), that "the trial court is justified in removing the issue from the jury's consideration where a *prima facie* case is lacking." My review of the employee manual in this case reveals no promise of continued employment, period. To the contrary, the handbook provides that the Mayor of the City of Parkersburg, perhaps at least partially in recognition that a confidential position such as the one at issue in the instant case is one of a significant policy-making type, has the final authority with respect to any termination of employment. With regard to employee discipline, the manual provides that, "Discipline shall be, *whenever possible*, of an increasingly progressive nature. The steps of progression are (a) verbal warning, (b) written reprimand, (c) suspension, (d) demotion, and (e) termination" (emphasis added). There is no promise that discipline will always follow these steps. With respect to termination, the manual states:

> For violation of any of the following charges, the employee may be subjected to immediate termination. The department head must have the concurrence of the

Personnel Director and approval of the Mayor. A written letter stating reasons for dismissal must be sent to the employee and copies must be sent to the Personnel Director and the Mayor.

Nowhere does it say that an employee may not be dismissed *except* for certain reasons or unless certain procedures are followed. In *Cook*, we held that "[t]he inclusion in the handbook of specified discipline for violations of particular rules *accompanied by a statement that the disciplinary rules constitute a complete list* is prima facie evidence of an offer for a unilateral contract of employment modifying the right of the employer to discharge without cause." 176 W.Va. at 374, 342 S.E.2d at 459. We have also made clear, however, that merely listing the causes that may result in termination does not constitute a promise. *Id.* (emphasis added); *Reed v. Sears, Roebuck & Co.*, 188 W.Va. 747, 752, 426 S.E.2d 539, 544 (1992).

In *Reed*, the "Getting Acquainted With Sears" booklet, upon which the employee based his implied contract claim, provided that "any violation of the following rules may result in immediate termination of your employment ...," followed by a list of causes. 188 W.Va. at 752, 426 S.E.2d at 544. The handbook in this case similarly provides: "For violation of any of the following charges, the employee may be subjected to immediate termination," followed by a list of sixteen causes. It does not state that this list is exclusive, however, and therefore more closely resembles the handbook in *Reed* than that in *Cook*. Because the Appellant cannot, based on this handbook, make a sufficient showing on this essential element of his cause of action, I believe that summary judgment was properly granted.

Further, I do not agree with the majority that the existence of a contract generally is a question of fact for the jury. Where a contract is alleged strictly on the basis of a writing, in this case the employee handbook, the existence of a contract should be a question for the court. *See Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 62 n. 18, 459 S.E.2d 329, 339 n. 18 (1995); Syl. Pt. 1, *Stephens v. Bartlett*, 118 W.Va. 421, 191 S.E. 550 (1937). There is no allegation of any oral agreements or promises in addition to the handbook that would lead the Appellant to believe that it

conveyed contractual rights. There was absolutely no factual dispute with regard to any matter or circumstance relating to the existence of a contract. The legal issue was whether the handbook and disclaimer, on its face, contained a definite promise of continued employment sufficient to support reasonable reliance by the employee.

Finally, even if the handbook in this case were assumed to be a contract, the circuit court concluded that Eaton's actions constituted grounds for immediate dismissal under its provisions.[1] This Court adheres to the principle that "[i]t is the province of the Court, and not of the jury, to interpret a written contract." Syl. Pt. 1, *Orteza v. Monongalia County General Hospital*, 173 W.Va. 461, 318 S.E.2d 40 (1984). The circuit court in this case interpreted the contract, and this Court should not disturb that ruling on appeal.

For these reasons, I dissent.

---

1. The circuit court granted summary judgment in favor of the Appellee, reasoning that: (1) No preliminary probable cause hearing was required in this case; (2) Even if such a probable cause hearing was required, Eaton failed to exhaust his administrative remedies; (3) Eaton was an "at-will" employee, subject to termination with or without cause at any time; (4) The employee handbook in this case did not alter that employment relationship, because there was no clear intent to do so, and if there had been, it was effectively disclaimed; (5) Summary judgment was proper where the plaintiff sought equitable relief (reinstatement); and (6) Even if the personnel handbook were a contract, Eaton's actions constituted grounds for immediate dismissal, and, in addition, the handbook makes all its provisions subject to final determination by the mayor.